NO. 07-05-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2006
_____

ANTONIO CORONADO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404022; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Antonio Coronado appeals his conviction for the offense of murder contending that the trial court erred in denying his request for a directed verdict based on insufficient evidence.  We affirm.

Background

On September 20, 2004, appellant was attending some parties and decided to obtain additional beer by "making a beer run."  Appellant, along with Sylvester Garcia and

Timothy Garcia, decided to go to the home of Frank Ramirez, Jr., whom appellant knew sold beer from his home. Upon arriving at Ramirez's home, appellant and Sylvester knocked on the door and entered the residence. Within a short period of time, witnesses heard several shots coming from the residence and saw appellant and Sylvester running out of the residence. Ramirez chased appellant and Sylvester firing a gun. Timothy, who had waited in the vehicle, picked up appellant and Sylvester and drove away from the residence. After appellant's group left the scene, Ramirez's family found Ramirez lying on the porch bleeding. Ramirez later died from two gunshot wounds. Appellant, Sylvester, and Timothy were all charged with the murder of Ramirez.

Sylvester, who pled guilty to the murder of Ramirez, testified at appellant's trial that he was the person that fired the gun that killed Ramirez. Timothy and appellant both testified that they were unaware of Sylvester having a gun, or of any plan to rob Ramirez. Other witnesses testified that appellant ran away from the scene, cursed at potential witnesses at a nearby club who observed the men fleeing, and misled officers during the subsequent investigation. The jury found appellant guilty of murder and the trial court sentenced appellant to 30 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant raises two issues on appeal contending that the trial court should have entered a directed verdict in favor of appellant based on legally and factually insufficient evidence.

2

The standard of review applicable to the denial of a motion for directed verdict is the same as that applied in reviewing a challenge to the sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990) (challenge to the trial judge's ruling on a motion for an instructed verdict is a challenge to the sufficiency of the evidence). When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge, if one is properly raised. See id.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility of the evidence. Jackson, 443 U.S. at 319.

To prove the offense of murder, the State must prove that an accused intentionally or knowingly caused the death of an individual. TEX. PEN. CODE ANN. § 19.02(b) (Vernon 2003). A person may be convicted as a party to an offense if he commits the offense by his own conduct or by the conduct of another for whom he is criminally responsible. TEX. PEN. CODE ANN. § 7.01(a) (Vernon 2003). A person is criminally responsible for the acts

of another if, while in an attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, even though the accused had no intent to commit the felony actually committed, so long as it was one that should have been anticipated as a result of the carrying out of the conspiracy. See TEX. PEN. CODE ANN. § 7.02(b) (Vernon 2003).

In addition to the evidence noted above, Sylvester admitted that he attempted to buy "dope" from Ramirez, that appellant knew that Sylvester was going to buy dope from Ramirez, and that appellant helped Sylvester set up the dope deal. Further, Sylvester admitted that, but for appellant, he would not have known to contact Ramirez to buy dope. Considering that appellant assisted Sylvester in a drug transaction, ran away during the shooting, and misled police after the shooting, the jury had evidence, when viewed in light most favorable to the verdict, of appellant's participation in a felony that led to the murder. We conclude that a rational jury could have found the essential elements of the offense of murder beyond a reasonable doubt by concluding that appellant was assisting Sylvester in the commission of a felony, namely possession of a controlled substance, when Ramirez was shot by Sylvester. See Hernandez v. State, 198 S.W.3d 257, 261 (Tex.App.–San Antonio 2006, pet. ref'd) (the fact finder may examine the events occurring before, during, and after the commission of the offense to determine an accused's participation as a party). A rational jury could also have found that murder can be reasonably anticipated during a drug deal. Therefore, the trial court did not err in denying appellant's request for a directed verdict based on the legal sufficiency of the evidence. We overrule appellant's first issue.

4

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040, at *32-33 (Tex.Crim.App. Oct. 18, 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations and not seek to order a new trial simply because we may disagree with the verdict. See id. at *30. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at *39. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant directs this court's attention to the fact that Sylvester confessed and pled to the murder of Ramirez. Appellant also points to his testimony, as well as Sylvester's, that appellant did not know that Sylvester had a gun or that Sylvester planned to rob Ramirez. However, Sylvester further testified that his intent in going to Ramirez's home was to purchase drugs and that appellant participated is setting up the drug deal. Witnesses testified to actions by appellant that the jury could have concluded were consistent with a culpable party such as running away from the scene and lying to police officers about the identity of the co-defendants. Even if the jury believed that appellant was unaware of the gun or Sylvester's intention of using the gun, a rational jury could have

5

concluded that appellant, as a party, should have reasonably anticipated the possibility of violence during a drug deal.  See Hernandez, 198 S.W.3d at 261.

Recalling that we must defer to the jury's determination on fact issues, we conclude that the great weight and preponderance of the evidence does not contradict the jury's verdict.  See Watson, 2006 Tex. Crim. App. LEXIS 2040, at *39.  Therefore, we conclude that the jury was rationally justified in finding defendant guilty beyond a reasonable doubt.  The trial court did not err in denying appellant's request for a directed verdict based on the factual sufficiency of the evidence.  We overrule appellant's second issue.

_____Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

6